## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DAVID LEE WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-05-1292-F |
| | ) | |
| SGT. PAUL GALYON #1071 at | ) | |
| O.C.P.D., | ) | |
| | ) | |
| Defendant. | ) | |

### <u>ORDER</u>

Before the court is Defendant Oklahoma City Police Sgt. Paul Galyon's "Motion to Dismiss, or in the Alternative Motion for a More Definite Statement of Allegations," filed January 12, 2006.  (Doc. no. 33.)  The motion seeks dismissal of the First Amended Complaint under Rule 8(a), Fed. R. Civ. P. (requiring a short and plain statement of the claim and the grounds for relief) and under Rule 12(b)(6), Fed. R. Civ. P. (failure to state a claim).  The motion argues that the First Amended Complaint  includes only a few references to Sgt. Galyon and that these references leave defendant Galyon guessing as to the true nature of Mr. Wilson's complaints against him.  Plaintiff appears pro se, and his pleadings are liberally construed.

Plaintiff has not responded to the motion to dismiss, and after careful review, the court finds that it is appropriate to deem the motion confessed in accordance with LCvR7.2(f) (any motion not responded to within 18 days may, in the discretion of the Court, be deemed confessed.)[1]

---

[1]Although plaintiff appears pro se, he must still abide by the rules.  In this action, and in other actions filed by Mr. Wilson, the court has previously ordered that

(continued...)

The court further determines that the dismissal should be without prejudice. This is because, although it is extremely difficult to make out most of plaintiff's claims, almost all of which are indecipherable, there is one portion of the First Amended Complaint which pertains to defendant Galyon and which appears to involve an incident during "[t]he second Galyon arrest," when "Galyon threw [the plaintiff's] phone in trash so [I] commenced to kicking the door until it flew to pieces." The First Amended Complaint does not specify who "they" are in the next sentence, but construing the pleadings liberally and presuming that "they" include defendant Galyon, the First Amended Complaint then alleges that, "They jerked me out of car and burnt holes in my back with TAZOR." (All from p. 2, handwritten First Amended Complaint.) There are also several sentences on the first page of the First Amended Complaint which appear to relate to the same alleged incident. There, the plaintiff alleges that:

> I have holes in my back from TAZOR burns. I was TAZORED for tearing up the door on the police car. I tore the door up for throwing my cell phone in the trash. I tried documenting the burns at the Oklahoma County Jail. But that never happened. They eventually X-rayed my [right] hand from where I hit Galyon #1071 in the jaw. So I don't know what was happening with the medical request to check out my back.

(Handwritten Complaint, pp. 1-2.) At the end of this paragraph in the First Amended Complaint, the statement is made that "All of the above will be in relation to Title 18 § 1961, 1581-1588."[2] Finally, in the only other reference to Mr. Galyon in the First

---

[1](...continued)
a current copy of the local rules of this court be sent to Mr. Wilson, which has been done. See Order of December 9, 2005 (doc. no. 9).

[2]Title 18 U.S.C. § 1581 makes it a crime to hold or return any person to a condition of peonage, or to arrest any person with the intent of placing him in or
(continued...)

Amended Complaint, the "Demands" portion of the complaint includes, as one of the many demands made by the plaintiff in this action, a request that the court "Order whoever supplies O.C.P.D. their budget, pay what Galyon #1071 owes me, for Galyon #1071." (Handwritten Complaint, p. 8.)  It is not clear how this demand for "what Galyon #1071 owes me" could relate to the alleged tazor incident.  Nor can plaintiff assert crimes of peonage, slavery, and involuntary servitude in this civil action, crimes which would, in any event, have nothing to do with the alleged tazor incident. Nevertheless, despite the confusing nature of the allegations against Mr. Galyon, the court concludes that it is conceivable that the plaintiff could possibly, with clarification, state a cause of action for excessive force against defendant Galyon under 42 U.S.C. § 1983 as a result of the alleged tazor incident.  Accordingly, any dismissal at this stage should be without prejudice.[3]

### Conclusion

Having carefully reviewed the motion, the pleadings, and the relevant arguments and authorities, the court finds and concludes that the motion to dismiss should be granted as confessed and that this action should be dismissed without

---

[2](...continued)
returning him to a condition of peonage.  The subsequent sections, §§ 1582 - 1588, pertain to slavery and involuntary servitude crimes.

[3]In a prior action, CIV-05-0519-F, Mr. Wilson sought to file an amended complaint which mentioned use of a "tazor" by "one of Galyons #1071 backups." Leave to amend was denied because the proposed amendment was deficient under Rules 8(a) and 12(b)(6), and the court dismissed the claims against Mr. Galyon without prejudice.  See Order at doc. no. 37 in CIV-05-0519.  (Plaintiff appealed to the Tenth Circuit which dismissed the appeal for lack of prosecution.)

prejudice under Rules 8(a) and 12(b)(6).[4]   Defendant Galyon's Motion to Dismiss is, therefore, **GRANTED**.  As Mr. Galyon is the only defendant in this action,[5] judgment shall be entered separately in accordance with this Order.

Dated this 31st day of January, 2006.

_S P Friot_

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-1292p009(pub).wpd

---

[4]Failure to comply with Rule 8(a)(2)'s "short and plain statement" requirement may be grounds for dismissal under Rule 12(b)(6).  Abdelsamed v. United States, 13 Fed. Appx. 883, 884 (10th Cir. 2001) (unpublished opinion cited pursuant to the requirements of 10th Cir. Rule 36.3, as an opinion which assists the court but is cited for persuasive value only). *See also*, Carpenter v. Williams, 86 F.3d 1015, 1016 (10th Cir. 1996) (finding no fault with district court's conclusion that the complaint fell well short of the requirements of Rule 8(a)(1) and (2) because, even liberally construed, the complaint was incomprehensible, and upholding dismissal on this ground, although without referencing Rule 12(b)(6)).

[5]The caption of defendant Galyon's motion to dismiss lists the Oklahoma City Police Department as a second defendant.  However, the caption of the First Amended Complaint lists "Sgt. Galyon #1071 at O.C.P.D."as the only defendant.